## RICE v. SAVERY.

1. **Parties:** REAL PARTY IN INTEREST. Where a promise is made to one (as an agent or trustee) for the benefit of another who is the real party in interest, the latter may sue thereon in his own name without joining the former. § 2757, Rev. 1860.

2. —— TRUSTEE. So on the other hand, the agent or trustee may sue in his own name without joining the beneficiary. § 2758, Rev. 1860.

3. —— PARTIES TO SUBSCRIPTION. Where an instrument is made payable to certain persons, but in fact for the benefit of and to secure a number of subscribers to a certain fund, the unpaid subscribers, being the real parties in interest, may bring suit in their own name against the person who executed the instrument and received the money, without joining the trustees to whom the instrument is, in terms, made payable.

4. —— SINGLE UNPAID SUBSCRIBER. So suit might be commenced by a single subscriber, in his own name alone, if it did not appear that there were any other subscribers remaining unpaid.

5. —— ONE OF SEVERAL UNPAID SUBSCRIBERS. Upon the question whether suit could be brought by a single subscriber, *alone*, when there were other unpaid subscribers, *the court was divided.*

6. —— SEVERAL UNPAID SUBSCRIBERS. But in such case, the trustees, as the representatives of the unpaid subscribers, are proper parties plaintiff; or they may be brought in by cross petition of the defendant, and it must be so ordered by the court if their presence is necessary to a determination of the controversy. Rev., §§ 2765, 2886, *et seq.*

*Appeal from Polk District Court.*

TUESDAY, JULY 2.

PARTIES: REAL PARTY IN INTEREST: STATUTE CONSTRUED.
—The plaintiff appeals from an order of the District
Court sustaining a demurrer to his petition. The petition
and accompanying exhibits show the following facts:
That on the 9th day of May, 1856, certain citizens' of
Fort Des Moines, now city of Des Moines, signed a writ-
ten instrument in substance as follows:

"Whereas we deem it desirable that a spacious hotel
should be erected and kept in the town of Fort Des
Moines, and whereas it is suggested that such a hotel
will be so erected and kept, provided a loan of money
is made for that purpose at ten per cent interest per
annum: Now we do severally agree with each other,
that we will become subscribers to such loan, to the
amount of the several sums set against our respective
names, and that we will pay the full amount of the
same over to our attorney hereafter named, and author-
izing their collection by process of law; severally bind-
ing ourselves to comply with the conditions herein
expressed. And we do hereby irrevocably constitute and
appoint R. W. Sypher, B. F. Allen, and Lovell White
our lawful attorneys in fact, with power to appoint suc-
cessors in case of death or resignation, for us and in our
behalf to act and do for us in all things pertaining to said
loan, with power to do all things in relation thereto that
we might do if present, and especially to make a loan for
the purpose aforesaid to the full amount of the aggregate
of our subscriptions, to any person they may deem suitable
on the terms following, viz.: Said loan to be without
interest until the occupancy of some part of said hotel,

thence, interest at ten per cent per annum, the principal to be repaid in five equal annual payments, the first, in two years from said occupation. And we further authorize our said attorneys to take such security for said loan, and in such manner as they may deem satisfactory, and to contract for the building of a hotel, and to collect our subscriptions at such time and in such sums as may be required for the speedy completion of said hotel.

(Signed.)    "WHITE & HENRY,           $4,000
　　　　　　　 . COOK, SARGENT & COOK,   1,000
　　　　　　　   THOMPSON BIRD,          2,000 "

and many others, on the same day. The subscriptions made on said instrument, in all, amounting to about $40,000.

On the same day, viz.: May 9, 1856, the said Sypher, Allen and White entered into a written contract with James C. Savery, the defendant, in substance as follows:

"This contract, made between R. W. Sypher, B. F. Allen and Lovell White, as attorneys for Thompson Bird and others of the first part, and James C. Savery of the second part, Witnesseth:

"That whereas the said Bird and others have this day entered into an agreement to and with each other, to make a loan to the said Savery, to secure the erection of a building for a hotel on lots 11 and 12, block 21, Fort Des Moines, and have become subscribers for various sums to said loan, and have appointed said Sypher, Allen and White their attorneys to act for them: Now, therefore, the said parties of the first part, as said attorneys, in consideration of the covenants of said Savery, agree as follows: That they will loan Savery all money which may be paid to them on said subscription, on the following terms (the same as the foregoing instrument) and pay it to him as it may be needed to pay for labor or material in said building. That they

will use all means in their power to enforce collections of the subscriptions. In consideration of which Savery agrees:

" That he will build a hotel on said lots on or before July, 1858. That he will receive as a loan from said attorneys all money subscribed and paid to them, and faithfully apply it to the erection of said building, which shall be used as a hotel while the loan herein mentioned is outstanding. Said White is to be the treasurer of said board of attorneys, to whom application for money is to be made by the said Savery.

(Signed) "R. W. SYPHER,
B. F. ALLEN,
LOVELL WHITE,
J. C. SAVERY."

On the same 9th day of May, 1856, the said defendant executed and delivered to the said attorneys the following note or instrument for $60,000, viz.:

" $60,000. One day after date, for value received, I promise to pay to the order of Reuben W. Sypher, Benjamin F. Allen and Lovell White, sixty thousand dollars. The conditions of this note are as follows, to wit: Whereas the said Sypher, Allen and White, as attorneys, have this day made and concluded certain articles of agreement with the undersigned, James C. Savery, by which they are to loan him money to secure the erection and furnishing of a hotel in Fort Des Moines: Now, therefore, if the said Savery, his heirs or assigns, shall well and truly repay to said Sypher, Allen and White all money by them advanced to him or paid to his order, or on his account, for which they hold his check or receipt, or of the payment of which they may have other proof, in five equal annual payments, the

first of which to be made in two years from the occupation of the building said Savery is to erect, with interest on the same from and after said occupation, at ten per cent per annum, payable annually, then this note to be void, otherwise, of full force and virtue.

J. C. SAVERY."

On the same 9th day of May, tne said Savery and wife executed to one Bradshaw, as trustee, a deed of trust on said lots eleven and twelve, block twenty-one, to secure the above copied instrument for $60,000.

The plaintiff's assignors (Green, Weare & Rice), at defendant's solicitation, became subscribers to said loan to the amount of $500, which sum they paid to said attorneys, and which plaintiff alleges was paid over by the attorneys to the defendant. On the 23d day of April, 1857, the said Green, Weare & Rice received from the directors of said loan the following certificate of stock:

" $500 certificate of stock, Savery Hotel Loan No. 14.

" It is hereby certified that Green, Weare & Rice, having paid the full amount of their subscription to the Savery hotel loan, are the owners therein of five hundred dollars, being the amount so paid. This certificate being the evidence thereof, assignable by indorsement and delivery.

" Witness the hands of the directors of said loan, this 23d day of April, A. D. 1857.

'R. W. SYPHER,<br>
B. F. ALLEN,<br>
LOVELL WHITE,<br>
<em>Directors Savery Hotel Loan.</em>"

On the back of said certificate is the following assignment:

"We hereby assign to B. Rice all our right, title and interest in the within certificate, for value received.

"March 30, 1860.

"GREENE, WEARE & RICE."

The present action is brought by Rice, alone, against Savery, to recover the $500 subscribed by Greene, Weare & Rice. The petition is at law and seeks no lien. It makes no party defendant but Savery. The petition alleges the foregoing facts and sets up the foregoing instruments. The petition alleges that "the object the said parties had in view in making said note cover the sum of $60,000, was not only to cover the sums there subscribed, but also all future subscriptions to said loan; and that the full time for the payment of said loan has expired, and the same is now due with interest from April 30, 1857."

To this petition defendant demurred, because the moneys advanced to said Savery were payable only upon the order of the attorneys (Sypher, Allen and White) and no such order to plaintiff is averred. Because said Sypher, Allen and White, trustees, and the other subscribers to the loan, are not made parties. Because this court has no jurisdiction over trusts. Because no privity of contract between plaintiff and defendant is shown. Because it is not averred that defendant ever promised to pay Green, Weare & Rice any thing. This demurrer was sustained. Plaintiff excepted and appeals.

*Byron Rice pro se.*

A principal, whether foreign or domestic, may sue in his own name to enforce rights acquired by his agent in a course of dealing for the former; and this, though the agent dealt without disclosing his principal. 1 N. Y. Practice, 155; 3 Hill, 72; *Janitor* v. *Pendergast*, 6 Shepl.,

361; 2 Ashm., 485; *Parker* v. *Donaldson*, 2 Watts & Serg., 9; *Horp* v. *Osgood*, Id., 216; *Hicks* v. *Whitmore*, 12 Wend., 548; Rev., §§ 2757, 2758, and cases cited in notes; 14 Iowa, 92; *Conyngham* v. *Smith*, 16 Iowa, 471; *Cottle* v. *Cole & Cole*, 20 Id., 482.

The assignee of a "chose in action" is the proper party to bring the action thereon, and when it appears upon the face of a written contract that it was made for the benefit of a third party, such party may sue thereon without the formality of an assignment. N. Y. Practice, vol. 1, p. 153; *Easton Plank-Road Co.* v. *Vaughn*, 14 N. Y., 546.

And, generally, the principal, and not the agent, is the proper party to sue upon a contract of which he is owner, though made in the agent's name. 1 N. Y. Practice, 155, and cases there cited.

An action lies on a promise made by the defendant upon valid consideration, to a third party for the benefit of the plaintiff, although the plaintiff *was not privy* to the consideration. Such promise is to be deemed made to the plaintiff if adopted by him.

So held, where A loaned money to the defendant upon his promise to pay it to the plaintiff, to whom A stated that he owed and had promised to pay a like sum, there being no other evidence of the fact, than such declaration. *Lawrence* v. *Fox*, 20 N. Y., 268; see Abbott's Digest, vol. 4, page 260, §§ 421, 423, 425, 428, 450.

*Withrow & Wright* and *C. C. Nourse* for the appellee.

1. Sections 2757 and 2758 of the Revision, construed together, make no change in the law as to parties plaintiff in cases of express trust or of persons legally authorized to sue for others. 1. Bosworth (N. Y.), 43.

2. The Revision was not intended to affect substantial rights or to change the nature and effect of contracts.

By the law, independent of what is claimed for the Revision, plaintiff clearly has no cause of action. *Vanness* v. *Forrest*, 8 Cranch, 30; *Clapp* v. *Day*, 2 Greenl. (Maine), 280; *Bank of United States* v. *Lyman*, 20 Vt., 672; *Buffum* v. *Chadwick*, 8 Mass., 103; *Fairfield* v. *Adams*, 16 Pick., 380.

Section 2759 of the Revision requires all parties interested in the relief sought to be joined plaintiffs. If, as is claimed, the Revision is intended to adopt the chancery practice, then the petition is bad for want of proper parties. *Stephens* v. *Babcock*, 23 Eng. Com. Law, 160 and 23; *Christy* v. *Harrick*, 1 Barb. Ch., 258; *Pinto* v. *Santos*, 1 Eng. Com. Law, 233, 549; *Bodoin* v. *Coleman*, 6 Duer, 183; *Bishop* v. *Houghton*, 1 E. D. Smith, 566.

DILLON, J.—The grounds of demurrer, urged in argument, are resolvable into two: First, it is insisted that **1. PARTIES: real party in interest.** there is no privity of contract between the plaintiff and defendant, and hence the action is not maintainable in the plaintiff's name. Second, it is claimed that there is a defect of parties plaintiff, inasmuch as the trustees (Sypher, Allen and White), if not the other subscribers to the loan, are necessary parties. These objections, kindred in their nature, will be considered together.

The Revision has made great changes in relation to parties to actions. Chap. 117.

It is no longer absolutely necessary (§§ 2757 and 2758) that the party to whom a promise is made shall be the plaintiff on the record, in an action to enforce it. That is to say, if the promise is made for the benefit of another who is the real party in interest, the latter may sue though the contract or promise be made to an agent or trustee; or in the case last supposed, the agent, or trustee, or person in whose name a contract is made for

the benefit of another, may sue without joining the party for whose benefit the suit is prosecuted. This is well settled by the previous adjudications of this court. *Conyngham* v. *Smith*, 16 Iowa, 471; *Cottle* v. *Cole*, 20 Iowa, 482; *Taylor* v. *Adair*, at present term.

Applying the settled construction of these sections (§§ 2757, 2758) to the present case, we admit, that since by the note, so called (we refer to the instrument for $60,000), the defendant promised to pay the trustees, they might have sued him upon it in their own names without joining the subscribers.

2. —— trustee.

We say the trustees might have sued. But *must* the suit be brought by them?

It is argued that the trustees are necessary parties, because are entitled to commissions; therefore, it is claimed it would be unjust to hold that the beneficiaries may sue, and thus deprive the trustees of their compensation. There is nothing in this objection, at least when coming from the defendant. The trustees have stipulated for no commissions. If entitled to any, this is a matter between them and the subscribers, a matter with which defendant has no concern. In favor of the defendant's view, that the trustees must bring the suit, there is really but one argument which has any force, and that is, that such an action will protect him from a multitude of suits. This objection travels outside the record. The demurrer speaks. It is not alleged in the petition, and hence we do not know, that there are any unpaid subscribers to the loan except the plaintiff.

Upon the theory propounded by defendant's counsel, it would scarcely be denied by them, that all of the unpaid subscribers might join in an action on the instrument for $60,000. At all events such a proposition could not be successfully denied. They would be the real parties in interest, and hence, under the exposi-

3. —— parties to subscription.

Rice v. Savery.

tion of sections 2757 and 2758, could sue without joining the trustees.

If this is true, then the plaintiff, if he is the only unpaid subscriber, may alone sue upon it, and we repeat that, so far as the petition shows, the plaintiff is the only unpaid subscriber. Indeed, it is not expressly averred in the petition that any of the other subscribers ever paid their subscriptions. And the same observations apply to an action, not upon the instrument, but to recover the amount loaned; and on this point the present appeal only requires us to hold that if the plaintiff is the only subscriber who is unpaid, as for aught disclosed he is, he may sue alone, and need not join with him the trustees, in an action to recover the amount by him loaned to the defendant.

4. —— single unpaid subscriber.

On the supposition that it shall appear that there are other unpaid subscribers, the court are not exactly agreed in relation to the right of the plaintiff to sue in his own name alone. A portion of the court is inclined to regard the transaction as a several loan by the subscribers, each on his own account; and that, as there was no unity or commingling of interests among the subscribers, who were neither copartners nor jointly interested, each may sue in his own name and by himself. Another portion of the court is, however, inclined to the view that the only promise by the defendant is contained in the note or instrument for $60,000; that this promise is single and entire, and hence the defendant cannot be compelled to defend more than one action brought by the trustees, or by all of the unpaid subscribers.

5. —— one of several unpaid subscribers.

As the cause must go back for further proceedings, it has been deemed advisable to suggest to the parties, that we are all agreed that, if there are other unpaid subscribers, the trustees, as their repre-

6. —— several unpaid subscribers.

sentatives, are proper parties to the suit, either as plaint-
iffs or defendants. The plaintiff may amend and make
them parties, changing his proceeding, if he so chooses,
in equity. If it turns out that the controversy cannot be
determined without the presence of the trustees, the
court must order them to be brought in. Rev., § 2765.

So it is in the defendant's power, to file a cross petition
against the plaintiff and make the trustees parties, if he
has a cause of action affecting the subject-matter of the
present suit. § 2892. And similarly, if he has a set-off or
counter-claim. §§ 2886, 2888, 2889. So that if there are
numerous claimants against the defendant, and he wishes
to settle the whole controversy in one suit, he has it in
his power to accomplish this result.

He may allege against the trustees (if made parties by
the plaintiff, or if the defendant makes them parties)
any matter of defense he may have against the instru-
ment, and ask its cancellation. They, or the plaintiff,
may contest this claim, and thus the matters in contro-
versy will, or at least may be, brought to an end. The
judgment of the District Court sustaining the demurrer
is reversed, and the cause remanded for further proceed-
ings in accordance with this opinion.

Reversed.