## PEARSON v. CUMMINGS.

1. Promissory note: REAL PARTY IN INTEREST. A person who has acquired the ownership and possession of a promissory note, may bring suit thereon in his own name as the real party in interest, under section 2757 of the Revision, though no indorsement of the note has been made to him by the payee.

2. —— INVALID ASSIGNMENT: DEFENSE. But in an action of this character against the maker of the note, he may interpose any defense that he has against the payee, if he is able to show that the

supposed transfer did not pass the ownership of the note; as that the consideration therefor was illegal or has wholly failed.

3. —— RULE APPLIED: AGREEMENT FOR DIVORCE.  Pending an action of divorce by a husband against his wife, it was agreed between them that if he would let her have the note of a third party held by him, she would interpose no defense.  Pursuant to the agreement, the note was delivered to the wife.  Afterward, however, she did interpose her defense, and obtained an order for temporary alimony.  Subsequently, the maker of the note paid the amount thereof in full to the husband, and took his receipt therefor.  *Held*, in an action on the note by the wife against the maker, that she was not entitled to recover.

*Appeal from General Term, Fifth District (Guthrie County).*

TUESDAY, DECEMBER 21.

ACTION on a promissory note made by the defendant, payable to Benjamin Pearson or order, and not indorsed to plaintiff or any other person.  Defense, payment to the party entitled to receive the same.  There was a trial to the court, and judgment rendered in favor of plaintiff for the amount of the note, interest and costs.  The defendant appealed to the General Term, where the judgment was affirmed.  The defendant now appeals to this court.  All the evidence is contained in the transcript.

*S. D. Nichols* and *Brown & Dudley* for the appellant.

*P. Gad Bryan* for the appellee.

COLE, J. — The evidence in this case is all before us, and from it the following facts, which are substantially conceded by counsel for each party in argument, are clearly deducible: The plaintiff is the wife of the payee of the note, Benjamin Pearson.  The payee, and husband of plaintiff, had brought suit against her for a divorce on the ground of adultery.  After such suit was brought, the plaintiff and

*Promissory note: real party in interest.*

her husband agreed that if he would let her have the note sued on and certain household furniture, in consideration thereof she would interpose no defense or claim for alimony in the divorce suit; and, thereupon, the note and the furniture were delivered to her. Afterward she did interpose her defense to the divorce suit, and made her claim for permanent and temporary alimony, and obtained an allowance of one hundred and fifty dollars temporary alimony, with an order staying proceedings in the cause until the same was paid. He paid the amount so allowed. Afterward, he went to the maker of the note, the defendant in this action, and obtained payment of the note in full, both principal and interest, and gave his receipt therefor, promising to procure and deliver the note to the defendant, who had notice of the plaintiff's claim thereto.

Although the note was not indorsed to the plaintiff, yet if she was the real owner thereof, she might bring suit thereon in her own name — being the real party in interest (Rev. § 2757), and the action being one concerning her separate property. Rev. § 2771, subdiv. 1. And this, upon the theory, which is not controverted or decided in this case, that the husband and wife are competent to contract with each other in relation to their personal property, the same as other persons.

But, first, let us see as to the right of the wife to the note, as against her husband. If the contract was for 2. —— invalid the purpose of enabling the husband to obassignment: defense. tain a divorce without having any legal cause for it, and thereby accomplish an illegal result in fraud of the law, such contract, being thus for an illegal consideration, would confer no rights upon the wife which she could enforce at law against the husband. And again, if the wife agreed with the husband, he having a legal and just cause for divorce, that in consideration of the note

and furniture she would interpose no defense, or make no claim for alimony, and in violation of that agreement she did make a defense and claim for alimony and obtained the latter, it is clear, that having thus violated the contract and refused to execute the consideration for it, she could not enforce it against the other contracting party, her husband. Upon this brief statement of the case it is quite apparent, that, if the husband had obtained possession of the note from the wife in any way, and even against her consent, she could not have recovered the note from him by action either at law or in equity. And this, for the reason, as applied to the first hypothesis, that neither party to an illegal contract can enforce it; and, in the next case, having failed to perform the contract herself, she ought not and cannot *ex equo et bono* enforce it against the other party.

In this case, however, the husband did not obtain possession of the note itself, but he did obtain payment thereof in full from the maker. Now, although, as we have seen, the owner and holder of a negotiable note, payable to order and not indorsed, may sue upon it in his or her own name, yet such action must be without prejudice to any defense the maker may have against the note. But, of course, where there is a valid and *bona fide* assignment of a note, the defense by the maker is limited to such matters as existed at the time of notice to the maker, of the assignment; yet, if for any reason the supposed assignment did not transfer the ownership of the note to the holder, such holder will be subject to any defense of the maker which he may have up to the trial. And in this case, as we have also already seen, the plaintiff—the wife—has not the ownership of the note as against the payee—her husband.

Since the maker of the note, the defendant in this action, has a defense to it, by reason of the full payment

of it to the payee, who was, both in law and equity, entitled to receive payment, it is clear that he may show that fact, and, having shown it, defeat the action. If the husband, the payee of the note (supposing the same had not been paid), had intervened in this action, and set up his right to the note as against the plaintiff, and asked for judgment thereon as against the defendant, there would seem to be no sufficient reason why, upon the proofs in this case, he should not succeed. Having procured payment of the note from the maker, who recognized his right thereto without intervention or action, there can be no doubt, under our system of practice, but that the maker may show that the note sued upon really belongs to the payee, and that he had satisfied the same by payment. This is in effect showing that the plaintiff in the action is not " the real party in interest," and hence not entitled to prosecute the action under section 2757. But it will be observed, that, in this case, it is not simply a controversy as to whether the plaintiff or another shall recover upon the note ; but it is where the defendant shows that he has paid the note, before suit, to the party entitled to receive payment. Surely, in such case the defendant may show the payment and defeat the action.

It is only necessary to remark, further, that the evidence affords no reasonable ground whatever for holding that the note was a gift by the husband to the wife, and hence we have no occasion to discuss or controvert the law a· plicable to such hypothesis, as it is stated by appellee's counsel in his brief submitted in this action. The judgment of the district court and of the general term must be

Reversed.