Cassidy v. Woodward.

## CASSIDY v. WOODWARD.

1. **Appeal:** ABSTRACT DENIED AS TO IMMATERIAL POINT : QUIETING TITLE : EVIDENCE.  On an appeal from a judgment quieting title in defendant, plaintiff states in her abstract that deeds from R., under whom both parties claim, through intermediate grantors down to her, were introduced in evidence, and defendant in an additional abstract denies this statement, and asks that the appeal be dismissed on the ground that plaintiff has not shown any ground for her claim of title.  But it appears that there was an abstract of title exhibited with the petition, which showed a line of conveyances from the government, through R., down to plaintiff, and that it was conceded all through the trial that conveyances were made as set out in the abstract.  In this state of the case, *held* that it was not necessary for plaintiff to introduce her deeds in evidence, and the motion to dismiss is overruled.

2. **Parties to Actions:** TRUSTEE WITH LEGAL TITLE : QUIETING TITLE.  Under section 2544 of the Code, the party holding the legal title to a cause of action, though he be a mere agent or trustee, with no beneficial interest therein, may sue thereon in his own name.  (See cases cited in opinion.)  And the fact that the plaintiff in this action to quiet title paid nothing for the conveyance to her, and that her counsel paid the consideration, and had the convey-ance made to her, even without her knowledge at the time, is no defense to the action.

3. **Attachment:** ABSCONDING DEBTOR SERVED BY PUBLICATION : PERSONAL JUDGMENT VOID.  A personal judgment rendered against an absconding and non-resident debtor, served by publication only, in an attachment proceeding, is absolutely void, and a sale of real estate thereunder is unauthorized and illegal, and confers no title upon the purchaser or his grantees.  (See *Lutz v. Kelly*, 47 Iowa, 307; *Smith v. Griffin*, 59 Iowa, 409.)

4. **The Same:** VALIDATION OF SALE BY RECITAL IN SHERIFF'S DEED.  In such case, a recital in the sheriff's deed that the sale was made pursuant to "the written notice of the defendant that he elected to have said real estate sold subject to redemption," did not have the effect to validate the judgment and sale.

5.  **The Same:** SUBSEQUENT NUNC PRO TUNC JUDGMENT IN REM: NOTICE BY PUBLICATION: PARTIES.  Twelve years after such void judgment was rendered, and after defendant therein had conveyed the land attempted to be sold thereunder, the attachment plaintiff, who had bid in the land, began an action upon notice by publica-cation against the attachment defendant, and procured a *nunc pro tunc* judgment *in rem* against the land.  *Held* that this was of no avail as against said defendant's grantee of the land, because (1) The defendant therein had no longer any interest in the land, and the notice by publication was not authorized, and gave the court no jurisdiction  (Code, sec. 2618); (2) The proceeding was not for the purpose of correcting a mistake in a judgment, but to substitute a judgment *in rem* in the place of a personal judgment long before rendered and approved and signed by the judge, and was therefore without warrant; (3) The grantee was not made a party to such proceeding, and was therefore not bound thereby.

6.  **Taxes:** PAYMENT UNDER CLAIM OF TITLE UPON ANOTHER'S LAND: RECOVERY.  In an action to quiet title against one who claims title under a judicial sale which is adjudged to be void, and who has paid the taxes on the land under such claim, the decree quieting the title in plaintiff should award defendant judgment for the money so paid, with six per cent. interest on the several payments, and the same should be made a lien on the land.

*Appeal from Sioux District Court*—HON. C. H. LEWIS, Judge.

FILED, MAY 13, 1889.

THIS is an action in equity, and it involves the title and ownership of eighty acres of land in Sioux county. There was a trial upon the merits, and the plaintiff's petition was dismissed, and a decree entered quieting the title in the defendant.    Plaintiff appeals.

*Rickel & Crocker* and *J. W. Bull*, for appellant.

*Argo & McDuffie* and *Struble, Rishel & Hart*, for appellee.

ROTHROCK, J.—I.  Both parties claim title to the land under one Gabriel T. Rock.  The plaintiff's

Cassidy v. Woodward.

**1. APPEAL: abstract denied as to immaterial point: quieting title: evidence.** alleged title consists of a regular chain of conveyances from Rock through several intermediate grantors. The defendant's alleged title is based upon a sheriff's sale of the land upon an execution on a judgment against said Rock.

The first question necessary to be determined is an objection made by appellee to appellant's abstract. It is claimed that the statements in the abstract, showing that deeds of conveyance from Rock through the intermediate grantors down to the plaintiff were introduced in evidence, is not true, and that the plaintiff has no standing in court, because she failed to show that she has even any pretended title. We have not thought it necessary to investigate the record in order to determine whether the said deeds were formally introduced in evidence, because, under the record as made by the pleadings and other evidence, it was not necessary that plaintiff should have offered said deeds in evidence. There was an abstract of title exhibited with the petition, which showed a line of conveyances from the government, through said Rock, down to the plaintiff. The defendant by her answer denied the averments of the petition, except as admitted. There were amendments made to the answer. In the several answers, and in oral evidence introduced on the trial to which there was no objection, it was either admitted or plainly shown that the plaintiff held by a regular chain of conveyances from Rock to her. All through the trial it appears to have been conceded that the conveyances were made as set out in the abstract of title attached to the petition. We do not feel called upon to more than state our conclusion upon this branch of the case. It is wholly unnecessary to set out the pleadings and evidence upon which the conclusion is based. The appeal cannot be dismissed and the case disposed of in this court on this objection.

II. It is claimed in the answer, and strenuously urged by counsel for appellee, that the plaintiff is not

Cassidy v. Woodward.

**2. PARTIES to actions: trustee with legal title: quieting title.** the real party in interest; that the real parties are the counsel in the case ; and that they bought the land and took the title in the name of the plaintiff, who is a servant in. the family of one of the counsel ; and that the purchase of the land was a fraud and a conspiracy on the part of plaintiff's counsel ; and that the claim made by plaintiff for the land is against public policy and good morals. It is true that the plaintiff's counsel purchased the land and paid for it and had the conveyance made to plaintiff, a servant in one of their families. There is no evidence that they discovered the alleged defect in the plaintiff's title. On the contrary it appears that Rock conveyed the land to one Marbourg, and he conveyed it to one Pitts, and Pitts conveyed it to the plaintiff. It is true, as claimed by the defendant, that actions must be prosecuted in the name of the real party in interest, excepting in certain cases. Code, sec. 2543. The exceptions are set forth in section 2544, which is in these words : "An executor or administrator, a guardian, a trustee of an express trust, a party with whom, or in whose name, a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the suit is prosecuted." It has uniformly been held by this court that, under this provision of the Code, the party holding the legal title to a cause of action, though he be a mere agent or trustee, with no beneficial interest therein, may sue thereon in his own name. *Cottle v. Cole*, 20 Iowa, 481 ; *Rice v. Savery*, 22 Iowa, 470 ; *Pearson v. Cummings*, 28 Iowa, 344 ; *Knadler v. Sharp*, 36 Iowa, 232 ; *Vimont v. Railway Co.*, 64 Iowa, 514. The plaintiff stands in the place of Marbourg, who was the grantee of Rock, and of Pitts, her grantor ; and the fact that she paid nothing for the conveyance, and that her counsel paid the consideration and had the conveyance made to her, even without her knowledge at the time, is no defense to the action.

III. We come now to the merits of the case. The defendant must fail in the action, unless she acquired

Cassidy v. Woodward.

**8. ATTACH-MENT: absconding debtor served by publication: personal judgment void.** the title to the land through the judgment against Rock, and the levy and sale thereunder. The facts with reference thereto are as follows: Rock was indebted to a partnership under the name of Hall & Woodward, upon two promissory notes payable at Le Mars, in Plymouth county. Action was commenced on these notes in the Plymouth circuit court, in the year 1874. It was averred in the petition that Rock, the defendant, had absconded, so that the ordinary process could not be served upon him. A writ of attachment was issued, directed to the sheriff of Sioux county, and service was made thereof by levying on the land in controversy and another tract of land. Service of notice of the action was made by publication in a newspaper. On the twelfth day of May, 1874, the said circuit court rendered a judgment against said Rock for the amount of the note, interest and costs. The judgment was by default, and recited that the defendant therein "had received due and legal notice of the pendency of the action by publication." No reference is made to the attachment in the record entry. It was a personal judgment in the same form as would have been proper if the defendant in the action had been personally served with an original notice. The record was read, approved and signed by the judge in open court, December 7, 1874. A general execution was issued on the judgment on the twenty-seventh day of June, 1874, directed to the sheriff of Sioux county, who levied the same upon the land in controversy, and the other tract above mentioned, and sold the same to Hall & Woodward, plaintiffs in execution, and delivered to them a certificate of purchase. At the expiration of one year allowed for redemption, a sheriff's deed was executed and delivered to Hall & Woodward, the purchasers. The defendant claims title under this judgment, levy and sale.

The personal judgment was absolutely void. It should have been *in rem* only, and should have directed the sale of the attached property. A personal judgment rendered against an absconding and non-resident debtor,

upon service by publication, is absolutely void, and a sale of real estate thereunder is unauthorized and illegal. Such a service invests the court with power and jurisdiction to appropriate property over which jurisdiction has been acquired by attachment or otherwise. *Lutz v. Kelly*, 47 Iowa, 307; *Smith v. Griffin*, 59 Iowa, 409. The last case is identical with the case at bar. The action was aided by attachment, which was levied upon the land; service was made by publication only; a personal judgment was rendered against the defendant, on which the land was sold; and it was held that the judgment was void for want of jurisdiction; and the sale of the land thereunder was also void, and the judgment was set aside, and the sale canceled at the suit of the defendant in execution against the heirs of a grantee by deed, with covenant of general warranty from the purchaser at the sheriff's sale. Following the above cases, and others which might be cited, it must be held that the judgment and sale relied upon by the defendant in this case are void, and are no defense to the plaintiff's action.

IV.   It is insisted by counsel for the defendant that the plaintiff was charged with notice of defendant's rights by a recital in the sheriff's deed, which is as follows: "And whereas, the said Nicholas Jongewaard, as sheriff aforesaid, in pursuance of the notice of sale aforesaid, in conformity to law, and by virtue of said execution, and the written notice of the defendant that he elected to have said real estate sold subject to redemption," etc. It is claimed that the recital that Rock gave the sheriff written notice to sell subject to redemption cured any defect in the prior proceedings, so as to charge the plaintiff with notice, and defeat her title. It does not appear that there was any such notice, except by the above recital. The claim that it cured and made valid the void judgment and sale is, we think, giving this mere recital as to the proceedings attending the levy and sale too much significance. It

4. THE same: validation of sale by recital in sheriff's deed.

would be an attempt to make a void judgment valid by an act of the defendant thereto, having no reference to the judgment.

V. After the evidence in the case was introduced, the defendant filed an amendment to her answer by way of a plea in abatement, in which she set forth that the clerk of the Plymouth circuit court failed to enter a judgment *in rem* against the property in question, and that judgment was actually rendered against the real estate described in the petition in this action. It was further averred in the said amendment that Hall & Woodward had commenced an action in said court, demanding that the clerk be ordered to enter the said judgment in the judgment record of said court as of the date at which the same was rendered, to-wit, May 12, 1874. A demurrer to this amendment to the answer was overruled, and the final hearing of the cause was postponed until said action, upon which the plea in abatement was founded, could be determined. After- wards the said suit was determined, and the defendant presented a record, from which it appears that notice of the action was served upon said Rock by publication, and that upon default a *nunc. pro tunc* judgment was rendered against him, being a judgment *in rem*. It is claimed that this *nunc pro tunc* judgment is a good defense to the plaintiff's action, We think it cannot have that effect, for reasons which may be very briefly stated : (1) Rock had no interest in the land when the supplemental action was commenced, and service upon him by publication was not authorized by law. Code, sec. 2618. He had parted with all claim to the land by his conveyance. (2) The proceeding was not for the purpose of correcting a mistake in a judgment. It was an attempt to substitute a judgment *in rem* in place of a personal judgment rendered some twelve years before that time, and read and approved and signed by the judge who presided in the court at the time. (3) The plaintiff herein was not made a party to the *nunc pro tunc* proceeding, and her rights are in no

5. THE same: subsequent nunc pro tunc judgment in rem: notice by publica- tion: parties.

manner affected by it. In our opinion, the decree of the district court cannot be sustained.

VI. The defendant averred in her answer that she had paid all of the taxes on the land in controversy
<span style="margin">6. TAXES: payment under claim of title upon another's land: recovery.</span> from the time of the conveyance thereof to her. Her answer is in the nature of a cross-bill, and demands that her title be quieted, and for such other and further relief as the court may adjudge to be just and equitable in the premises. Under this prayer she is entitled to be reimbursed for the taxes paid by her, with six per cent. interest thereon from the time of the respective payments, and the decree should provide that the same shall be a lien upon the land. Evidence was introduced showing the amount of said taxes, which will be found on page forty-one of appellant's abstract.

REVERSED.