Richard G. **JOHNSON** and Dorothy M. Johnson, Plaintiffs-Appellants,

v.

**LINN COUNTY ZONING BOARD OF ADJUSTMENT and Robert W. Johnson, Zoning Administrator, Defendants-Appellees.**

No. 83–666.

Court of Appeals of Iowa.

Feb. 21, 1984.

Stephen B. Jackson, Cedar Rapids, for plaintiffs-appellants.

Allan L. Harms, Craig Kelinson, and G. Kent Renegar, Asst. Linn County Attys., for defendants-appellees.

Heard by OXBERGER, C.J., and DONIELSON, and SNELL, JJ.

OXBERGER, Chief Judge.

The plaintiffs, former owners of land, challenge the zoning board's action by filing a certiorari proceeding in district court. The district court refused to grant certiorari, holding that the zoning board had acted correctly and in any event the parties were not real parties in interest. We affirm.

■ Appeal from a certiorari judgment of a district court is treated as an ordinary action and will be affirmed if supported by competent and substantial evidence. *See Norland v. Worth County Compensation Bd.*, 323 N.W.2d 251, 252 (Iowa 1982); Iowa R.Civ.P. 318.

### I. Real Parties in Interest

■ Every action must be prosecuted in the name of the real party in interest.

Iowa R.Civ.P. 2. The purpose of such a rule "'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata'". *City of Ames v. Schill Bldrs., Inc.*, 274 N.W.2d 708, 713 (Iowa 1979). Even though we are to liberally construe the real party in interest rule, *id.* at 713, we cannot agree that plaintiffs are such.

In its ruling, the trial court stated:

... the contract vendees are not parties to this action and any determination by this Court would not be preclusive on them. Further, the plaintiff is still able to proceed against the contract vendees for breach of contract remedies in the event the vendees do not pay their agreed installments. For these reasons, the Court finds that the plaintiffs are not real parties in interest in this case and their Petition must fail.

We agree with the trial court and find no error in its ruling.

### II. Board of Adjustment Action

Even if the plaintiffs were designated to be the real parties in interest, we find that the trial court's ruling stating that the "Board of Adjustment acted legally" is supported by competent and substantial evidence.

■ The Board found that the lots were illegal because platting was not done in accordance with Iowa Code chapter 409. Section 409.1 states in part: ... Every proprietor of any tract or parcel of land of forty acres or less ... who shall subdivide the same into three or more parts, shall cause a registered land surveyor's plat of such subdivison ... The real estate in question totals thirty acres; it was purchased from one grantor; on January 28 and 29, 1981, the plaintiff sold the entire real estate parcel, divided into three parts, by deed and contract to three different parties. We agree with the trial court that this land must surely be one "tract" as that term was contemplated by Iowa Code section 409.1. The plain language of that

section indicates that the land in question is subject to platting and subdividing.

 Furthermore, the evidence did not indicate that the thirty-acre parcel was adapted for agricultural purposes while plaintiff owned the property. Therefore, we fail to see how a section 358A.2 exemption could apply. It is immaterial whether the ten-acre parcel Mr. Beniscek purchased is currently exempt under that section; once plaintiff subdivided the tract into three or more parts and there was no evidence that the tract was used for agricultural purposes, section 409.1 was triggered. Therefore, we affirm the trial court's ruling in total.

AFFIRMED.