McBRIDE v. HARN.

1. **Practice:** NEW TRIAL: SERVICE OUT OF THE STATE. Where a defendant is served personally out of the State and makes default, he is not entitled to a new trial under the provisions of section 2877 of the Code, which applies only to cases of service by publication.

*Appeal from Hardin District Court.*

TUESDAY, OCTOBER 21.

THE defendant moved the court in the case to set aside the judgment rendered against him, and to grant a new trial on the ground that he was served by publication only. The motion was overruled, and from the decision defendant appeals. The facts of the case are stated with opinion.

*Porter & Moir,* for appellant.

*Brown & Binford* and *Huff & Reed,* for appellee.

BECK, CH. J.—The defendant in this action, which was commenced by attachment, was personally served in the State of Ohio, January 1, 1875; May 13, 1876, a judgment of default was rendered against defendant; May 11, 1878, the motion was filed to set aside the judgment on the ground, as alleged in the motion, that defendant was served by publication only, or by service upon him, without the State of Iowa. The motion was overruled, and this action of the court is the foundation for the sole error assigned upon the record.

Code, section 2877, provides that "when a judgment has been rendered against a defendant or defendants served by publication only, and who do not appear," such defendant may appear within two years and move the court for a re-trial upon complying with the terms prescribed in the section.

By the express language of this provision it is applicable alone to cases where service was had by publication only. The service in this case was personal; under the plain language of the statute this case is not within its provisions.

But counsel for defendant ingeniously argue that, as the judgment in the case, the service having been personally made out of the state, is not a personal judgment and operates only *in rem,* being in this respect the same as a judgment rendered upon service by publication, the statute cited applies alike to each. The argument is this: Judgments in cases of service by publication are *in rem;* the statute provides that when service is made by publication, defendant may have a re-trial; the judgment, in this case is upon personal service out of the State and is *in rem;* therefore the statute is applicable to the case. The statement of the argument refutes it. The statute is not, by its terms, applicable to cases wherein judgments *in rem* are rendered but to cases where service is had by publication. We know of no rule of construction which will authorize us to extend the statute to any other cases than those included in its express language.

The object of the provision seems to be to give parties who may have no actual notice of the institution of actions against them, an opportunity to appear and present defenses. In the case of personal service out of the State the defendant has actual notice of the commencement of the action. There can be no reason based upon want of actual notice why he should have a re-trial.

The judgment of the District Court is

AFFIRMED.