## FLEITAS *v.* COCKREM.

1. A statement in the record that an issue was "called for trial by the court, the jury having been waived in writing," is, in the absence of any thing to the contrary, conclusive that the requisite agreement for such a trial was made.

2. Although by the words of article 335 of the Code of Practice of Louisiana the exception of *lis pendens* is given only where the former suit is pending "before another court of competent jurisdiction," such an exception, where the former suit is pending in the same court, is within the equity of that article.

3. Where, therefore, the defendant files such an exception, — a former suit pending in the same court, — the plaintiff may be compelled to elect whether he will submit to judgment on the exception, or discontinue the former suit and pay the costs thereof.

4. The fact that the amount of an attachment bond was fixed by an order of a judge makes no difference in Louisiana as to the effect of the invalidity of an insufficient bond upon the subsequent proceedings.

5. This court conforms to the ruling of the Supreme Court of Louisiana, that the Code of Practice requires an attachment bond to be in "a sum exceeding by one-half" the claim of the creditor.

6. In an action on a promissory note for $5,000 and interest, the defendant appeared and filed an exception of *lis pendens.* Subsequently, on a supplemental petition praying therefor, an attachment against the defendant's property was issued upon the plaintiff's entering into bond for $3,200, as prescribed by the order of the court. The court denied the motion of the defendant to set aside the attachment, upon the ground that the amount of the bond was insufficient. The property, seized under the writ, was released upon the defendant's entering into bond for $9,100. The jury found for the plaintiff the amount of the debt and interest; the court rendered judgment against the defendant therefor, "with privilege upon the property attached, and with recourse on the principal and sureties on the bond, upon which the property attached was released." *Held,* that the court erred in rendering any other than a personal judgment against the defendant.

ERROR to the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Charles Case* and *Mr. Robert Mott* for the plaintiff in error.

*Mr. William Grant, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an action on a promissory note for $5,000 and interest thereon at five per cent per annum from maturity, Dec. 21,

1871.    Judgment was rendered for the plaintiffs with privilege upon property which was attached in the course of the proceeding, with recourse on the principal and sureties on the bond upon which the property attached was released.    The defendant brought this writ of error.

It is assigned for error, first, that the issue on one of the exceptions (*lis pendens*) was tried by the court and not by a jury, no agreement to waive a trial by jury appearing in the record.    The record, however, declares explicitly that "the exception in this cause was called for trial by the court, the jury having been waived in writing."    In the absence of any thing to the contrary, this is conclusive that the proper agreement was made.

The next error assigned is, that after an exception had been filed by the defendant, alleging that another suit had been commenced against her for the same cause in the Sixth District Court for the parish of Orleans, and had been removed into the Circuit Court of the United States, and was still pending, the said Circuit Court allowed the plaintiffs to elect whether they would, within a time limited, discontinue that suit, which was first brought, and pay the costs of the same.    The record shows that the court below did order that the plaintiffs might elect to proceed in the present suit upon paying the costs in the first suit, and discontinuing the same; otherwise the exception would be maintained.    The plaintiffs did so elect, paid the costs, and discontinued the first suit.    The defendant objected to this course, insisting that she was entitled, upon her exception, to have the present suit absolutely dismissed.

The exception of *lis pendens* is given by the Code of Practice, art. 335, as follows: "There are two kinds of declinatory exceptions: 1. When the exception is taken to the competency of the judge, pursuant to the rules above provided; 2. When it arises from the fact of another suit being pending between the same parties, for the same object, and growing out of the same cause of action, before another court of competent jurisdiction.    In both cases the suit must be dismissed, and the plaintiff decreed to pay costs."

The former suit in the present instance not being pending

in "another court;" but in the same court, the case is not within the words of the article. It has been held, however, to be within its spirit. *Dick* v. *Gilmer*, 4 La. An. 520. But in other cases, the pendency of the former suit in another court has been deemed material. *Weeks* v. *Flower*, 9 La. 385; *Succession of Ludwig*, 3 Rob. (La.) 92. And the exception is not necessarily a peremptory one in any case; for if before the trial thereof the former suit be terminated, the exception, it is said, will fail. *Schmidt* v. *Braunn*, 10 La. An. 26.

Since the exception in the case of suit pending in the same court is not within the words of the code, but rests upon its equity, and since in such cases both suits are under the control of the court in which the exception is made, we think the court might well exercise the discretion which was done in the present case, in compelling the plaintiffs to elect whether they would submit to judgment on the exception, or discontinue the first suit and pay the costs thereof.

The remaining assignments of error relate to the issue of an attachment in the case, and to the privilege given by the judgment upon the attached property, with recourse against the sureties on the bond given for its release.

The attachment was issued upon a supplemental petition filed in the case, and sworn to by one of the plaintiffs, stating the amount of the debt ($5,000 and interest thereon from Dec. 21, 1871), and that the defendant resided out of the State of Louisiana. The judge below made an order that an attachment be issued upon the plaintiffs giving bond in the sum of $3,200, with solvent surety, &c. The writ was issued, and under it the marshal, on the 11th of January, 1877, attached a plantation and sugar-house thereon, with its contents, consisting of sugar and other property sufficient to satisfy the claim; and on the 13th of January released the property by the claimant giving a bond for its release in the sum of $9,100. On the same day, the defendant entered a rule to show cause why the attachment should not be set aside, upon the ground, amongst others, that it was issued without the plaintiffs giving the bond required by law as a prerequisite therefor. This rule was subsequently dismissed by the court below, and a bill of exceptions was taken by the defendant.

The fact that the amount of an attachment bond is fixed by an order of a judge makes no difference in Louisiana as to the effect of the invalidity of an insufficient bond upon the subsequent proceedings. *Graham* v. *Burckhalter*, 2 La. An. 415.

The question is whether the bond in this case was sufficient, being for only $3,200, when the debt exceeded $6,000. The law on the subject is based on article 245 of the Code of Practice, which is in the following words:—

" ART. 245. A creditor, his agent, or attorney in fact, praying such attachment, must, besides, annex to his petition, his obligation in favor of the defendant for a sum exceeding one-half that which he claims, with the surety of one good and solvent person residing within the jurisdiction of the court to which the petition . is presented, as a security for the payment of such damages as such defendant may recover against him in case it should be decided that the attachment was wrongfully obtained."

This law has stood in the same form in the Code of Practice since its first promulgation in 1825. But the words " for a sum exceeding one-half that which he claims " are an incorrect translation of the French copy of the code. The correct translation would be " for a sum exceeding by one-half that which he claims." And the Supreme Court of Louisiana has always construed the law as though the word " by " had been inserted, as required by the correct translation, numerous cases being reported in which judgment has been reversed because the attachment bond did not exceed by one-half the amount of the debt claimed, and no case being found to the contrary. See *Williams* v. *Barrow*, 3 La. 57; *Jackson* v. *Warwick*, 17 id. 436; *Graham* v. *Burckhalter*, 2 La. An. 415; and cases referred to in the code. It would seem that this settled construction ought to prevail. The reason for an attachment bond, as explained by the Supreme Court of Louisiana, requires the construction which was adopted. Prior to the adoption of the code, a bond for double the amount of the demand was required. "Its object, and the object of all such laws," says the court, "is to secure the absentee from all damages he may sustain by illegal seizure of his property. An interpretation such as the plaintiff contends for would in many instances defeat the purpose of

the legislature. Damage is sometimes sustained by the debtor to the whole amount of the sum claimed from him, and a bond to half that amount would only be half security." 3 La. 59.

As the law has never been changed, but stands now as it has stood for more than fifty years, and as no decision to the contrary of those referred to has ever been made, we think that we must be governed thereby.

This view receives support from the law which requires the plaintiff to give bond as a condition of arresting the person of the defendant. Originally no bond was required; but in 1856 an act was passed to amend article 214 of the code respecting process of arrest, and prescribed a bond to be given by the plaintiff " for a sum exceeding by one-half the amount of that which he claims." In this case the French copy is exactly the same as in the case of attachments.

So with regard to appeal bonds (art. 575), the Code of Practice from the first prescribed a bond " for a sum exceeding by one-half," &c.; the French being the same as in the other cases.

It is true that in 1868 an amendment of article 575 was passed changing the above words to " a sum exceeding one-half the amount." This amendment was abrogated in 1870 in the new code; but whilst it was in force a case occurred in which the court followed the altered reading, and considered a bond for " one-half the amount " sufficient. But this may have been on account of the seemingly designed alteration of the law.

No such design can be asserted in the present case. The law stands in the same words in which it has always stood; and we think it must have its long-accepted meaning.

For this cause the judgment of the Circuit Court must be reversed, so far as it gives a privilege upon the property attached, with recourse on the principal and sureties on the bond upon which the property attached was released. The rest of the judgment, not being affected by the error in question, should be affirmed. The suit was not commenced by attachment, but by citation, which was personally served upon the defendant, who appeared and filed the exception of *lis pendens* before the supplemental petition for an attachment was filed. Under

these circumstances, it would be unjust to reverse the personal judgment for the amount of the debt. We are only required to reverse that portion of it which depends upon the attachment.

The judgment is therefore affirmed, except as to the last clause thereof, which gives a "privilege upon the property attached, with recourse on the principal and sureties on the bond upon which the property attached was released;" and as to that part it is reversed with costs.

*So ordered.*