## SMITH v. GRIFFIN ET AL.

1. **Judgment:** PERSONAL, ON MOTION BY PUBLICATION ONLY, VOID. Where notice was by publication only, in an action aided by attachment, though the court *might* have rendered a judgment *in rem* under which the land in question might have been sold, yet, as the court did in fact render a *personal* judgment against the defendant, on which the land was sold, *held* that such judgment was absolutely void for want of jurisdiction, and the sale of the land thereunder was also void.

2. **New Trial:** STATUTE CONSTRUED. Section 2877 of the Code, which authorizes a retrial within two years of all cases where judgment by default has been rendered against one served by publication only, has no application to the case of a judgment void for want of jurisdiction to render it.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 3.

THIS is an action in equity, commenced on the 7th day of June, 1875, to set aside a judgment recovered by M. E. Griffin against the plaintiff, and to cancel the sale and sheriff's deed thereunder to Simeon B. Griffin. The court granted the plaintiff the relief prayed. The defendants appeal. The material facts are stated in the opinion.

*A. E. House, Charles Husted* and *Ray B. Griffin,* for appellants.

*Bronson & LeRoy,* for appellee.

DAY, J.—In April, 1868, the defendant M. E. Griffin commenced an action against the plaintiff upon account for $200, for professional service, assigned to M. E. Griffin by the defendant Ray B. Griffin. An affidavit that the defendant in that action, George Smith, was a non-resident was made, and an attachment was prayed. Notice was served by publication, and a writ of attachment was issued and levied upon the south half of section 9, township 88, range 5.

At the October term, 1868, the defendant was adjudged in default for want of appearance or answer, and it was "considered and adjudged by the court that the plaintiff have and recover of the defendant the sum of two hundred dollars, together with the costs of this suit taxed, at $12.35, and that execution issue therefor." Under this judgment a special execution issued directing the sheriff to levy upon and sell the south half of section 9, township 88, range 5, previously attached in said cause, or so much thereof as may be necessary, etc. Under this execution the sheriff levied upon the south half of said section, and, on the thirtieth day of January, he sold under appraisement, to Simeon B. Griffin, five distinct ten acre tracts thereof for the agregate price of $268.75, and executed to him a sheriff's deed therefor.

On the 17th day of May, 1872, Simeon B. Griffin conveyed said land by warranty deed to U. T. Brown, now deceased, whose heirs are parties defendant to this action.

I. The judgment rendered in the case of *Simeon B. Griffin v. George Smith,* is a personal judgment. In a proceeding by attachment, when the defendant has not been personally served with process, the judgment should be *in rem* only, and not in *personam.* Code, § 2881. *Wilkie & Tuller v. Jones,* Morris, 97; *Doolittle v. Shelton,* 1 G. Greene, 272; *Johnson v. Dodge,* 19 Iowa, 107; *Hakes v. Shupe,* 27 Id.,

465. This case is in principle identical with *Lutz v. Kelley*, 47 Iowa, 307, in which it was held that a mere personal judgment in an action of foreclosure, against non-residents served personally outside of the State and by publication, was void and did not authorize a sale of the mortgaged property. In that case the court might have rendered a judgment of foreclosure, but did not do so. In this case the court might have rendered a judgment *in rem*, but did not do so. It is impossible to distinguish the cases. It follows that the judgment and the subsequent proceeding in this case must be held to be void.

II. It is claimed that the plaintiff is remediless because he did not commence this action within two years of the rendition of the judgment as provided in section 2877 of the Code. This section authorizes a retrial in all cases where a judgment by default has been rendered against one served by publication only. It has no reference to a case wherein the judgment is void because of a want of jurisdiction to render it. The case of *Bond v. Esply*, 48 Iowa, 600, relied on, is not applicable. The judgment is

AFFIRMED.