Sigerson v. Sigerson et al.

## SIGERSON v. SIGERSON ET AL.

1. **Homestead**: JUDICIAL SALE: SALE OF OTHER PROPERTY FIRST: COMPLIANCE WITH STATUTE. C. held a mortgage on eighty acres of land owned by S., one forty of which was his homestead. C. also held a judgment against S., which was a lien on the forty other than the homestead. Each forty was worth $1,000. At a judicial sale under a foreclosure of the mortgage, C. bought the forty other than the homestead for $100, and he bought the homestead forty for $647. On the same day, at an execution sale under his judgment, he bought the forty other than the homestead for $867. He was the only bidder. In due time a sheriff's deed was made for the whole tract to C.'s assignee of the certificates. About six months later, S.'s wife began this action to set aside the foreclosure sale, on the ground that the land other than the homestead had not been first exhausted before the sale of the homestead, as required by statute, and that it was sold for a grossly inadequate price; but *held* that, in the absence of a showing that the sale had not been fairly conducted, equity could not grant her petition.

*Appeal from Dallas Circuit Court.*

THURSDAY, MARCH 17.

THIS is an action in equity, by which it is sought to set aside and cancel a sheriff's sale of eighty acres of land, part of which is claimed to be the homestead of the plaintiff. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*H. S. Wilcox*, for appellant.

*Kauffman & Guernsey*, for appellee.

ROTHROCK, J.—It is averred in the petition that the plaintiff and James Sigerson were husband and wife, and that the defendant L. L. Collins was the assignee of a mortgage upon the eighty acres of land in controversy. One forty of the land was the homestead of the plaintiff and her husband. The title to the land was in the husband, and the mortgage was a lien upon the whole tract. Collins also held a judgment against James Sigerson, which was a lien upon

the forty acres other than the homestead. The mortgage was foreclosed, and, at the sheriff's sale of the land upon special execution, which sale took place on the twentieth day of April, 1884, Collins bid on the land other than the homestead the sum of $100, and, that being the only bid therefor, the same was struck off and sold to him for that sum. At the same sale Collins purchased the homestead forty acres for the sum of $647. The sheriff issued to Collins the usual certificates of purchase, and a few days after the sale Collins assigned the certificates to the defendant M. E. Collins. A general execution was issued on the judgment of Collins against James Sigerson; and, on the same day of the sale for the mortgage lien, the forty acres other than the homestead was sold to Collins on the general execution for the sum of $867, and a sheriff's certificate of sale was issued to him, which was also assigned to the defendant M. E. Collins. On the twenty-ninth day of April, 1885, the sheriff executed a deed of the land to M. E. Collins in accordance with said sales.

This action was commenced in October, 1885. The ground upon which it is claimed that the sale under the mortgage foreclosure should be set aside is, that each of the forty acre tracts was worth $1,000, and that, when the property was offered for sale, there was no one to bid upon it but L. L. Collins, and that he bid $100 for the forty other than the homestead, as a pretended compliance with the statute, which requires that the real estate other than the homestead shall be first exhausted, and he bid the nominal sum of $100 so as to collect the mortgage lien from the homestead as far as possible, and thus have a large margin in value of the other forty acres from which to collect his judgment, which was not a lien upon the homestead. It is not charged that Collins practiced any fraud at the sales of the land, nor that he in any manner prevented others from being present and bidding at the sales. It is claimed, however, that the sale of the forty acres other than the homestead was for a grossly

inadequate price, and that it and the sale of the homestead should be set aside for that reason. We do not think that under the facts of the case a court of equity can afford any relief to the plaintiff. So far as appears from the averments of the petition, the sale was fairly conducted, and the property other than the homestead was exhausted before the homestead was offered for sale. It is true, the bid of $100 was grossly less than the alleged value of the land other than the homestead; but it was a public judicial sale, there was the right of redemption for a year after the sale, and there was the right to move to set aside the sale upon the return of the execution, before a deed was made to an assignee of the purchaser. If it be allowable for defendants in execution sales. to institute original actions in chancery at any time within the statute of limitations, to set aside sales and deeds made in pursuance thereof, upon the ground of inadequacy of consideration, much of the real property in the state would be held by a very uncertain tenure.

We think the demurrer to the petition was correctly sustained.

AFFIRMED.