PETERSON v. LITTLE *et al.*

1. **Homestead**: EXEMPTION: PRIOR JUDGMENT. A homestead is not exempt from a judgment against the owner rendered before the acquisition of the homestead.

2. **Judgment**: ORIGINAL NOTICE: DISCREPANCY IN NAME. Where the defendant in an action was the wife of G. B. L., and she was described in the original notice and the officer's return of service thereon as Mrs. G. B. L., but her own proper name was Ora M. L., and judgment by default was rendered against her as Ora M. L., *held*, in the absence of a showing that she was not equally well known by both names, that she could not assail the judgment in a collateral proceeding on the ground that the notice had not been served upon her.

3. **Judicial Sale**: INADEQUACY OF PRICE: VALIDITY. Gross inadequacy of price alone is not sufficient to avoid an execution sale. (See cases cited in opinion.) The period of redemption fixed by statute is ample protection to the debtor in such cases.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, MARCH 12, 1888.

ACTION in equity to quiet title to certain real estate. There was a decree for the defendants, and plaintiff appeals.

*O. C. Peterson*, for appellant.

*Cole, McVey & Clark*, for appellees.

ROTHROCK, J.—I. The real estate in controversy consists of a lot in the city of Des Moines, upon which there is a dwelling-house in which the defendants, who are husband and wife, reside. The defendant Ora M. Little, the wife of the defendant G. B. Little, became the owner of the property by warranty deed from one Talbot on the second day of April, 1885. In February, 1885, A.

T. McCargar recovered a judgment before a justice of the peace against both the defendants for $29.85, and on the twenty-third day of June, 1885, a transcript of said judgment was filed in the office of the district court, and on the same day an execution was issued on the judgment and levied on the property in controversy, and on August 3, 1885, the property was sold at sheriff's sale to said McCargar to satisfy said execution, the amount of the bid being $54.25. McCargar assigned the sheriff-sale certificate to O. C. Peterson, and on August 5, 1886, the sheriff executed and delivered to Peterson a deed for the premises. In a few days thereafter Peterson made a quit-claim deed of the property to the plaintiff. The defendants were at the time of the trial in the court below still in possession of the property. They claim that the judgment against them is void, and demand that the sheriff's sale and deed be set aside upon several grounds, which we will proceed to consider.

(1) They assert that the property is their homestead, and not liable to execution. But the record shows

1. HOMESTEAD: exemption: prior judgment.

that the judgment was rendered against them before they acquired the property. It is, therefore, not exempt from the payment of this debt.

(2) It is further claimed that there was no original notice served upon them in the action before the justice

2. JUDGMENT: original notice: discrepancy in name.

of the peace, and that he had, therefore, no jurisdiction nor authority to render a judgment. The facts in relation to this claim are as follows. An original notice was issued by the justice of the peace, of which the following is a copy :

"A. T. McCargar, Plaintiff, v. G. B. Little, and Mrs. G. B. Little, his wife, Defendants.

"State of Iowa, Polk County,—ss.    In Justice's Court, Before F. R. McCabe.

"To said Defendants : You are hereby notified that A. T. McCargar, the plaintiff above named, claims of you the sum of twenty-nine and 85-100 dollars,

($29.85) justly due from you, with six per cent. interest thereon from this date, on account for board and lodging furnished you and your family, at your request, and that unless you appear before the said F. R. McCabe, a justice of the peace, at his office in Lee township, in said county, on the seventh day of February, 1885, at nine o'clock a. m. of that day, and make defense to said claim, judgment will be rendered against you for that amount and costs.

"Dated at Des Moines, Iowa, the second day of February, 1885.

"F. R. McCabe, Justice of the Peace."

Upon this notice a return was indorsed, which is as follows:

"The within notice came into my hands on the second day of February, 1885, and I duly served the same on the second day of February, 1885, by reading the within notice to the within-named defendant G. B. Little, and Mrs. G. B. Little, his wife, a member of the family over fourteen years old, and delivering her a true copy of the same. Done in Lee township, Polk county, Iowa, this second day of February, 1885."

It is urged that the return did not show a service on either of the parties. The plaintiff appears to concede that the return does not show service as to G. B. Little, but claims that the service was full and complete as to Mrs. G. B. Little. We think his position must be sustained. It appears from the return that the notice was read to her, and a true copy delivered to her, and the notice apprised her that a judgment was demanded against her. It is true, she is described in the notice and in the return of service as "Mrs. G. B." Little, and the judgment is rendered against "Ora M." Little, but there is no showing that she was not known by the one name as well as by the other. It is true, the judgment was by default; but her answer is in the nature of a cross-petition, and she seeks to attack the judgment, not in a direct, but in a collateral, proceeding. It

appears to us that the judgment is valid as against her, and, the title to the property being held by her, the judgment became a valid lien thereon when the transcript was filed in the office of the district court.

(3) The evidence shows that the property is of the value of about fifteen hundred dollars. There was a mortgage upon the premises, which was a lien prior to the judgment in question. The mortgage has been foreclosed, and the property was sold at a foreclosure sale in January, 1887, for eight hundred and twenty-four dollars; that being the amount of the mortgage, interest and costs of foreclosure. The period of redemption expired in January of the present year. We are not advised as to whether redemption has been made by either of the parties to this suit, and that is not a material question in this case. The defendants claim that the sheriff's sale on the McCargar judgment should be set aside because the property was sold at a grossly inadequate price. The difference between the amount necessary to redeem from the mortgage sale and the value of the property would be about seven hundred dollars. The bid at the sheriff's sale was $55.25. We have found that the judgment was a lien upon the lot. It was the right of McCargar to collect the judgment by the levy and sale of any property of the defendants liable to execution. There is no showing that he was guilty of oppression in refusing to levy on other property. Indeed, it does not appear that defendants owned any other property. So far as appears, the levy and sale were in all respects regular. There is neither averment nor proof that the sale was improperly conducted, or that McCargar did anything to prevent bidders from attending the sale and purchasing the property. It was his right to collect the judgment, and we know of no rule requiring him to bid more than his judgment, interest and costs. In addition to this, the evidence shows that the defendant G. B. Little knew before the sale that there was a judgment, and that the property was advertised for sale. The year of redemption was

3. JUDICIAL sale: inadequacy of price: validity.

First Nat. Bank of Storm Lake v. Harwick.

allowed to expire without any effort to redeem. Indeed, there is no fact in the case from which it can be inferred that McCargar acted fraudulently in anything he did in the premises. Gross inadequacy of price is not sufficient to avoid a judicial sale. *Cavender v. Heirs of Smith*, 1 Iowa, 306 ; *Wallace v. Berger*, 25 Iowa, 456 ; *Sigerson v. Sigerson*, 71 Iowa, 476. If we should hold this sale voidable on this ground, every creditor holding a small claim against the owner of an indivisible tract of real estate would be precluded from enforcing collection of his claim in any other way than by a bid so large that it could not be said to be grossly inadequate. We think it is his right in good faith to bid and buy at the amount of his claim. In such case the period of redemption fixed by statute is ample protection for the debtor.

REVERSED.