CHASE v. KAYNOR *et al.*

1. Former Adjudication: ONLY PARTIES BOUND: INSTANCE. S. claimed title to land under a deed from F., and he conveyed to B., and B. to plaintiff. Afterwards F. brought an action against S. and B., in which the deed from F. to S. was decreed to be void as being a forgery, but plaintiff was not made a party to that action. *Held* that he was not bound by the decree, and was not estopped thereby from maintaining a subsequent action to quiet his title against a subsequent grantee of F.

2. Original Notice: SERVICE BY PUBLICATION : BASIS FOR. Service of an original notice by publication is void unless the affidavit required by statute, that personal service cannot be made within this state, be made and filed in the case.

3. Pleading: MOTION INSTEAD OF DEMURRER : ERROR WAIVED. Where a motion to strike out an insufficient defense is allowed, without objection, to perform the office of a demurrer, the error is waived.

4. ——: WHEN NO REPLY REQUIRED. A defense setting up affirmative matter requires no reply, except when other new matter is relied on by way of avoidance. (Code, sec. 2665.)

| 78 | 449 |
| 82 | 607 |
| 78 | 449 |
| 92 | 641 |
| 78 | 449 |
| 93 | 25 |
| 78 | 449 |
| 99 | 114 |
| 78 | 449 |
| 103 | 323 |
| 78 | 449 |
| 112 | 736 |
| 78 | 449 |
| 119 | 463 |
| 78 | 449 |
| 127 | 354 |
| 78 | 449 |
| f134 | 629 |

5. **Equity**: NO TENDER OF EQUITY : OBJECTION ON APPEAL. Plaintiff brought his action to quiet title without offering to reimburse defendants for the taxes which they had paid. Defendants, however, raised no objection on this ground in the court below. *Held* no ground for a dismissal of the petition on appeal, but by the decree rendered in this court plaintiff is required to pay to defendants such taxes, with interest.

6. ———: LACHES : QUIETING TITLE. Plaintiff and his grantors held unchallenged title to the land in question for about sixteen years, under deed from F. At the end of this time F. procures a void decree against plaintiff's grantors, but not against him, declaring his deed a forgery, and afterwards he quitclaims to defendants. Fourteen years after this plaintiff brings this action to quiet his title against defendants. *Held* that defendants could not be heard to say that equity should be denied plaintiff because of his laches in bringing his action.

7. ———: DELAY IN RECORDING DEED : SUBSEQUENT PURCHASER. A void title is not validated by the laches of a prior grantee in neglecting for a long time to have his deed recorded.

*Appeal from Cerro Gordo District Court.*—Hon. GEORGE W. RUDDICK, Judge.

FILED, OCTOBER 14, 1889.

ACTION to quiet the titles to lands. The facts appear in the opinion. There was a decree granting the relief prayed for in plaintiff's petition. Defendants appeal.

*Slocum & Brady* and *B. W. Hurn,* for appellants.

*John Cliggitt,* for appellee.

BECK, J.—I. The plaintiff claims title under Charles Felt, who conveyed the land by warranty deed to one

1. FORMER adjudication: only parties bound : instance.

Smith. The mesne conveyances to plaintiff were by quitclaim deeds. The defendant also claims under Felt, who by quitclaim deed conveyed the land to one under whom defendants' ancestor claimed title. The deed by Felt, under which plaintiff claims, was executed in 1858, and filed for record in 1869. The deed of Felt, under which defendants claim, was executed and filed for record in 1874. But defendants claim that their title is paramount to plaintiff's for the reason that an action was commenced

by Felt in 1873, wherein, after service by publication, a decree was entered declaring the deed from Felt to Smith, under which plaintiff claims, to be void, for the reason that it was not executed by Felt, but was a forgery. This action was against Smith and his grantee Burnett, the immediate grantor of plaintiff, and notice thereof was served by publication. Plaintiff was not a party to the action. He had acquired the title two years before the action was commenced. The affidavit required by the statute, to the effect that service cannot be made upon the defendants within the state, was not made and filed. The decree in the action brought by Felt does not defeat plaintiff's title, for two reasons : (1) Plaintiff, who held title to the land, was not made a party to the action. Of course he is bound by no decree entered therein. But counsel say that his grantor was a party, and, as he is a privy to plaintiff, the latter is bound by the decree. But the relation of privity does not extend backward to bind a grantee by acts done by the grantor after the grant. The relation of privity does not exist so as to bind plaintiff by a judgment in the case which was brought against plaintiff's grantor after he had conveyed the land to plaintiff. If a rule of law to this effect prevailed, purchasers and grantees of land would never be free from peril of losing it by the acts of their grantors, or by judgments against them, done and rendered after they conveyed the land. (2) The affidavit required by the statute, to the effect that

2. ORIGINAL notice: service by publication: basis for. personal service could not be made on the defendants in the action within the state, is necessary to authorize the publication and to confer jurisdiction on the court to take cognizance of the case. We understand from the record that there was no such affidavit. The judgment was therefore void, as being rendered in the absence of jurisdiction.

II. The parts of defendants' answer setting up the decree in the suit brought by Felt, for these reasons pre-

3. PLEADING: motion instead of demurrer: error waived. sented no defense in this action. They were stricken out on motion of plaintiff. The motion to strike seems without objection to

have performed the office of a demurrer. Defendants suffered no prejudice from the order sustaining the motion, as the defense pleaded in the stricken parts of the answer was not good.

III. Counsel claim that, as defendants, in portions of their answer and amendments thereto, "allege affirmative facts as a defense," to which plaintiff made no reply, such allegations stand as admitted, and thereon defendants are entitled to a decree in their favor. But the defense to these matters did not rest upon other facts avoiding them. No reply was, therefore, required. Code, sec. 2665.

*4. ——: when no reply required.*

IV. Counsel for defendants insist that, as the record shows that defendants paid taxes on the lands for seven years, and plaintiffs do not offer or propose to reimburse them, they cannot recover in this case, on the ground that before claiming equity they must do or offer to do equity. But no such objection was raised by the pleadings or in any other way in the court below. It is not a ground for dismissing plaintiff's petition. But on our own suggestion the decree will provide that plaintiff pay to defendants the taxes paid by them. The amount and date of such payments are shown by a statement in the record. Interest on the payments will be allowed at six per centum per annum. But, as no such question was raised in the court below, defendants will be entitled to no costs by reason of the modification of the decree which we order.

*5. EQUITY: no tender of equity: objection on appeal.*

V. Counsel for defendants insist that plaintiff cannot recover because of his laches, having "slept upon his rights" for so many years. The case is this: Plaintiff and his grantor held the title of the land, without any adverse claim shown by the record, for about sixteen years, when a conflicting title arises by a quitclaim deed executed by the original grantor, "who had slept on his rights" for sixteen years, when, being aroused, he commenced action to set aside his former deed. The decree recovered by him we have shown to be void for want of jurisdiction, and the

*6. ——: laches: quieting title.*

publication of notice not complying with the require-
ments of the law. But, if not void, it does not bind
plaintiff, who was not a party thereto. Plaintiff was
not by any process or notice challenged to defend his
title. But with less delay than the claimants adverse to
him are chargeable with he brings this action to quiet
the adverse claim. No movement was made against
plaintiff's title for about sixteen years. Plaintiff and
his grantors have not delayed proceedings adverse to
defendants' title for more than fourteen years. We
think defendants do not show just ground for relief
based upon the delay of plaintiff.

VI. It is urged that plaintiff withheld his deed
from record for many years, while defendants' title was
7. ——: delay in ripening through Felt's second deed, the
recording
deed: sub-　suit brought by him, and subsequent con-
sequent pur-
chaser.　　veyances. But, as this title is absolutely
void, the fact that the holders thereof did not have con-
structive notice of plaintiff's deed through the record
thereof does not give validity to that title. This dis-
cussion disposes of all questions in the case. The judg-
ment of the district court will be modified as pointed
out in the fourth point of this opinion.

MODIFIED AND AFFIRMED