THE SIOUX CITY AND IOWA FALLS TOWN LOT AND LAND COMPANY v. WALKER.

**Execution:** SALE UNDER: FRAUD: INADEQUATE CONSIDERATION: DEED SET ASIDE: ESTOPPEL. Defendant in a former action obtained a judgment against the plaintiff for thirty dollars costs,—twenty-two dollars of which was due to the defendant, and eight dollars to the clerk of the court. On this judgment execution was issued, which was levied May 10, on certain lands not owned by plaintiff, and $2.10 costs were made on that levy. Plaintiff's attorney,

being notified of the levy, by letter dated May 22, requested of the sheriff an itemized bill of the costs for which the execution had been issued, with the assurance that they should at once be paid. The sheriff sent him only the gross amount. The attorney then wrote to the clerk of the court for an itemized bill, upon receipt of which he paid to the clerk, June 2; the full amount thereof, and on June 16 he informed the sheriff by letter of what he had done. June 10 the clerk paid to defendant herein the twenty-two dollars which was due him. The endorsement of the levy first above named was erased from the execution, and on June 18 another levy was made on the lands in question in this case, which were worth from five to ten thousand dollars, and which were sold to defendant herein, July 26, for $16.35,—the amount of the costs made on the execution, and in one year thereafter a sheriff's deed was issued to the defendant. In this action to set aside the deed, *held*—

(1) That the costs made by the sheriff on the first levy,—the same being on land not belonging to the execution defendant,—were not chargeable to that defendant, and, the whole amount due on the execution having been paid to the clerk before any legitimate costs were made on the execution, and the sheriff notified thereof, and the execution plaintiff having received from the clerk the full amount due him prior to the second levy, that levy was unauthorized, and the sale thereunder was invalid.

(2) That the levy upon the land upon the pretext that the costs of the first levy had not been paid, and the sale of the land for the grossly inadequate consideration, must be regarded as nothing less than a fraudulent attempt to deprive the execution defendant of valuable property under the forms of law, and that therefore the rule that an execution sale cannot be set aside on account of gross. inadequacy of price alone does not apply.

(3) That an action to set aside the deed was not barred because not brought within one year, nor on the ground that by the delay of the action defendant herein was induced to expend money in having his sheriff's deed recorded.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED. OCTOBER 15, 1889.

ACTION in equity to set aside a sheriff's sale and deed, and to enjoin the defendant and those holding under him from claiming title thereunder to certain lands. Decree for plaintiff. Defendant appeals. The

facts upon which this case was submitted, are substantially these: March 19, 1885, the defendant recovered a judgment in this court against the plaintiff for thirty dollars costs, twenty-two dollars of which was coming to the defendant Walker, and eight dollars to the clerk of this court, May 4, 1886, an execution was issued on said judgment to the sheriff of O'Brien county, the return upon which shows three endorsements, each signed by the sheriff. The first shows that the execution was received on the tenth day of May, 1886, and on the same day levied upon lands described as the property of the defendant. "Sheriff's service, $2.00; mileage, $0.10;—$2.10." The lands described in this endorsement are not those in controversy. The endorsement is erased, and Sheriff Green answers that he presumes that he made the erasure. The second endorsement shows a levy upon the lands in controversy June 18, 1886, and the third shows the same levy June 18, and that after notice the lands were offered for sale in parcels, July 26, 1886, and, there being no bidder, were offered in bulk, and sold to the defendant Walker, for $16.35, and certificate in due form executed. The sheriff's deed was executed to Walker July 30, 1887. Under date, Cedar Rapids, Iowa, May 22, 1886, N. D. Parkhurst, attorney for plaintiff in this and in the action in which the judgment was rendered, wrote to Sheriff Green acknowledging notice of levy of execution in the Walker case, and asking the sheriff to send an itemized bill of the costs, "and I will have the amount due paid at once. Please make no further expense in this matter." He again wrote Sheriff Green under date of June 16, 1886 : "I wrote you some time since for an itemized statement of costs in both district and supreme court, but you only gave me a gross amount. I then wrote to the clerk of the courts, and upon the statement sent and by the clerk certified to be correct  *  *  * we paid these costs to supreme court clerk, and have his receipt for same ; also the amount certified to by clerk of district court has been paid and received by him. The lands Mr. Walker instructed you to levy on are

railroad company lands. The Sioux City and Iowa Falls Town Lot and Land Company has no interest in them. I suggest that before you proceed further in that matter you ask Mr. Walker for a bond to protect you in this action." June 2, 1886, thirty dollars was paid to the clerk of this court, in full of the judgment, and on the tenth day of June the clerk paid to defendant Walker the twenty-two dollars coming to him. The lands in controversy aggregate over one thousand acres, and are admitted to be worth from five to ten thousand dollars.

*H. E. Long* and *Warren Walker*, for appellant.

*N. D. Parkhurst* and *E. S. Bailey*, for appellee.

GIVEN, C. J.—I. Appellant's contentions are that payment to the clerk did not satisfy the execution; that the thirty dollars was not in full of all costs, the sheriff having incurred $2.10 on the execution May 10; that no fraud had been perpetrated upon the plaintiff, and hence the sale cannot be set aside on the grounds of inadequacy of consideration; and that, no action having been brought within one year, the plaintiff is not now entitled to maintain this action. In the view we take of the case, it is not necessary that we now determine whether payment to the clerk was a satisfaction of the execution or not.

II. The claim that there were costs due to the sheriff at the time he made the levy, June 18, we think is not well founded. The lands, levied upon May 10, did not belong to the defendant in execution, and were doubtless those referred to in Parkhurst's letter of June 16. We are satisfied that it was this letter that caused the sheriff to cancel the levy of May 10, and his claim for costs thereunder, and make the levy of June 18. He taxes no costs in his return for the levy of May 10. No person claims anything under that levy. It follows, therefore, that the thirty dollars, paid to the clerk on June 2, was equal to the full amount due on

the judgment and execution before the levy of June 18, so that when that levy was made there was no debt for which to levy. The letter of June 16 informed the sheriff of the payment to the clerk, so that, when he made the levy of June 18, he not only knew that there were no costs due to him, but had this information, that the full amount of the judgment had been paid to the clerk. It may be said that the sheriff was not bound to act upon this information, but was justified in following the command of his writ. Evidently he did not so regard it in the sale he made, as he sold the lands for just the sum of the increased cost.

III.   Appellant's next contention is that no fraud was perpetrated upon the plaintiff, and therefore the sale cannot be set aside for inadequacy of consideration. We may add to what is already stated, touching the action of the sheriff, that the letter of June 16 informed him of the payment to the clerk, so that, when he made the levy of June 18, he not only knew there were no costs due to him, but that the full amount of the execution had been paid to the clerk.   In the letter of May 22, the sheriff was requested to send an itemized bill of the costs, with an assurance that it would be paid at once, and requested to make no further expense.   He answered this with a statement of the costs in gross, and, without any notice to plaintiff's attorney of the levy of June 18, proceeded to make the increased costs, and to sell the lands.   Walker knew of the payment to the clerk as early as June 10, for on that day he received his twenty-two dollars, and yet he permitted, if he did not direct, the levy of June 18, and was the purchaser at the sale under it of about one thousand acres of land, worth from five to ten thousand dollars, for $16.35.   The only justification offered is the assertion that plaintiff was trying to beat the sheriff out of his costs by paying the money to the clerk.   Parkhurst's letter does not indicate such a purpose.   Payment was made to the clerk because he sent an itemized bill, which the sheriff had omitted to do.   As no costs had accrued to the sheriff at the time of payment to the clerk, we fail to see how

that payment could "beat the sheriff," only as it would prevent the incurring of costs. Counsel say it was to deprive the sheriff of the per cent. that he would be entitled to on the collection, which would amount to about eight cents. It is a misuse of language to say there was no fraud perpetrated upon the plaintiff in making that levy and sale. There is not a fact in the whole case to justify the conduct of Walker or the sheriff. It is manifest that there was a purpose to take the plaintiff's valuable property for a nominal sum on the pretext that costs had accrued which were not paid. Herein this case differs from *Sigerson v. Sigerson*, 71 Iowa, 476, and *Peterson v. Little*, 74 Iowa, 223, cited by counsel. In those casess the court say the sale was fairly conducted.

IV. It is contended that, as no action or motion was brought within one year, plaintiff is not now entitled to maintain this action. Notice was given to the plaintiff's attorney of the levy of May 10. This being on lands of another than the defendant in execution, plaintiff's attorney might well anticipate that the levy would be cancelled, as it was. Having informed the sheriff of the payment to the clerk, he had no reason to expect that the levy would be made; surely not such a levy and sale as was made. It should require a very strong showing of laches to justify a court of equity in denying this plaintiff the right to assert its title as against the defendant's sheriff's deed. In this connection it is claimed that on the faith of plaintiff's silence defendant expended money in procuring and recording the sheriff's deed. The defendant's faith does not seem to have been very great. It does not appear that in all the time that has transpired since he procured the sheriff's deed he has ever done anything else about the lands, but get and record the deed. We conclude, upon the whole case, that the decree of the district court should be

AFFIRMED.