D. GRIFFITH v. THE MILWAUKEE HARVESTER COMPANY
et al., Appellants.

**Vacating Judgment.** The fact that notice was personally served outside of the state so as to leave but sixteen days between service and term, will not authorize a vacation, in equity, of a judgment upon it, where the notice was adjudged sufficient, where the defendant made no application by the second day of the next term, no showing of a valid defense, and no excuse for delay. The statute allowing such application within two years has no application to cases in which service by publication is permissible, but in which actual service outside of state is, instead, made.

SAME. A judgment *in rem* will not be vacated because a mistake is made in naming plaintiff in the title of the petition, where its body, notice, writ of attachment, and judgment set out the name correctly, nor because a like mistake is made in execution and notice of sale or because such notice was not published twice in a newspaper, when said writ correctly stated defendant's name, date, and amount of judgment, the court rendering it, and that the action was aided by attachment levied on the land in controversy.

EXECUTION SALE will not be set aside merely because the price obtained is inadequate.

SAME: ATTACHMENT BOND. While the statute makes it mandatory that an attachment bond must be in at least three times the sum the petition states to be due, yet, under provisions allowing amendment, an insufficient bond may be cured by filing a new one which takes effect as of the date of the first; and the defect in the first bond does not defeat the obtaining of a lien by the attachment.

**Judgment In Rem Defined.**  One which recites that plaintiff recover a sum named, of defendant, that certain attached property be sold on special execution, to satisfy the judgment, is not a personal judgment, but one *in rem.*

**Practice on Appeal.**  Where an additional abstract in an equitable action sets out additional testimony without denying that both abstracts bring up all the testimony, they are deemed to contain all the evidence.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION in equity to have set aside an entry of judgment against the plaintiff, and a sheriff's sale and conveyance of real estate made by virtue of the judgment, and for general equitable relief. The defendants resist the granting of the relief demanded, and ask that certain amendments to the petition and attachment bond filed in the action in which the judgment in question was rendered be permitted, and for general equitable relief. There was a hearing on the merits, and a decree in favor of the plaintiff, from which the defendants appeal.—*Reversed.*

*T. F. Ward* for appellants.

*O. H. Montzheimer* and *Wesley Martin* for appellee.

ROBINSON, J.—On the thirteenth day of February, 1891, a petition which was entitled "The Milwaukee Harvesting Company, Plaintiff, *v.* D. Griffith *et al.*, Defendants," was filed in the district court of O'Brien county. The petition sought a recovery on two judgments alleged to have been rendered against Griffith, who is the plaintiff in this action, and asked a writ of attachment against his property. Judgment was demanded for the sum of one hundred and thirty-two

dollars and twenty-three cents, with interest thereon at the rate of eight per cent per annum from the fifteenth day of December, 1890, and costs. An attachment bond in the penal sum of two hundred and seventy-five dollars was filed, and a writ was issued and levied upon the northeast quarter of section 8 in township 96 north, of range 40 west, then owned by Griffith. On the fourteenth day of February, 1891, a notice of the action was served upon Griffith, personally, in the state of Wisconsin. He was then, and at all times since has been, a resident of that state. He made no appearance in the action, and on the third day of March judgment was rendered against him for the sum of one hundred and thirty-four dollars and fifty-two cents, with interest at eight per cent, and costs, taxed at eleven dollars and ninety-five cents. A special execution was issued for the sale of the lands described. The land was sold on the eighteenth day of April, 1891, to the defendant T. F. Ward, and on the twentieth day of April, 1892, the sheriff executed a deed to him pursuant to the sale. The land, when sold, was of the value of about three thousand dollars, and was incumbered by a mortgage to the amount of five hundred dollars. The sale was made subject to that mortgage for the sum of one hundred and sixty-nine dollars and twenty cents. Griffith did not know of the sale until after the sheriff's deed had been delivered, although notice of the levy and sale was addressed to him at the postoffice where he regularly received his mail, and mailed. At the time of the sale no one was living upon or in actual occupation of the land, but it was cultivated by a tenant who lived on an adjoining farm. After receiving the deed, Ward executed a conveyance of the land to the defendant K. Hughes. This action was commenced on the fifth day of May, 1892. The plaintiff asks that the sheriff's sale and deed be set aside and declared void, that the judgment be set aside, and that he be

permitted to defend in the action against him.  The
district court granted the relief thus demanded.  The
defendant the Milwaukee Harvester Company was per-
mitted to amend its petition in the cause in which judg-
ment was rendered, and to file a sufficient bond.

I.  It is claimed that the attachment proceedings
were invalid because of the failure of the Milwaukee
Harvester Company to file a sufficient bond.
1 .   Section 2959 of the Code provides that "in all
cases before an attachment can be issued the
plaintiff must file with the clerk a bond for the use of the
defendant * * * in a penalty at least double the value of
the property sought to be attached." Section 2954 of the
Code requires the sheriff to levy a writ of attachment
"upon property fifty per cent greater in value" than the
amount stated in the petition, under oath, to be due.
Under these provisions, the amount for which the bond
in question should have been given was three times the
sum alleged in the petition to be due, or for not less
than four hundred and three dollars and fifty-six cents.
It is not within the discretion of the court to permit
the filing of a bond for a smaller amount than that
required by the statute, and upon a proper motion an
attachment will be dissolved for failure to file a bond in
the necessary amount.  *Churchill v. Fulliam*, 8 Iowa,
47; *Hamill v. Phenicie*, 9 Iowa, 526; *Fleitas v. Cockren*,
101 U. S. 301; Waples, Attach. 116.  Section 3018
of the Code authorizes the discharge of an attachment
on motion at any time before the trial for insufficiency
of statement of cause of attachment or for other
reasons making it apparent of record that the attach-
ment should not have issued.  But section 3021 of the
same chapter contains the following:  "This chapter
shall be liberally construed and the plaintiff at any time
when objection is made thereto, shall be permitted to
amend any defect in the petition, affidavit, bond, writ,
or other proceeding;  and no attachment shall be

quashed, dismissed, or the property attached released, if the defect in any of the proceedings has been or can be amended so as to show that a legal cause for the attachment existed at the time it was issued; and the court shall give the plaintiff a reasonable time to perfect such defective proceedings.  * . *  *''  One of the evident purposes of this section is to prevent the loss to the plaintiff, by reason of defects in the proceedings which he is able and willing to cure, of the benefits he would derive from the attachment, and to give him a reasonable opportunity to make the necessary corrections.  A sufficient bond may be given in lieu of a defective one, and when that is done the new bond will be treated as security from the time the first one was given.  *Branch of State Bank v. Morris*, 13 Iowa, 139.  But until objection is made, and until a reasonable opportunity has been given to the plaintiff to perfect proceedings in which there are curable defects, such proceedings will be treated as valid.  See *State v. Foster*, 10 Iowa, 436.  In the case in question it does not appear that the defect in the bond was the result of any intent on the part of the plaintiff to evade the requirements of the statute.  The fact that Griffith was a nonresident, and served with notice outside of the state, does not make the case an exception to the general rule.  Provision is made for the service of notice of an action aided by attachment on nonresidents, by publication, to confer upon the court jurisdiction to render judgment against the attached property. Code, section 2618.  The actual service of notice on Griffith in Wisconsin was a substitute for service by publication.  Code, section 2621.  We are of the opinion that the defect in the bond did not prevent the acquiring of a lien on the land in question.

II.  No valid personal judgment can be rendered by a court of this state against a defendant, who has been served by publication only, who has not made an

appearance.   As personal service on a nonresident, made outside the state, is only a substitute for service by publication, no personal judgment can be rendered against a nonresident so served who has not made an appearance.  *Bates v. Railway Co.*, 19 Iowa, 261;  *Darrance v. Preston*, 18 Iowa, 399; *Smith v. Griffin*, 59 Iowa, 410, 13 N. W. Rep. 423, and cases therein cited.   It is insisted that the judgment rendered against Griffith was personal, and not against the attached land, and therefore that it is void. The judgment is " * * * that said plaintiff have and recover judgment against the defendant, D. Griffith, in the sum of one hundred and thirty-four and 52-100 dollars, with eight per cent interest on same from this date, and costs in this case, taxed in the sum of eleven and 95-100 dollars, and that the property attached, to wit, northeast quarter of section eight (8), township ninety-six (96), range forty (40) west of the 5th P. M. Iowa, be sold to satisfy said judgment and costs, and that a special execution issue for the sale thereof."  If the portion which directed the sale of the attached property had been omitted, the judgment would have been a personal one, and therefore void.   But it states the amount which the harvester company was entitled to recover, and that is essential in a judgment *in rem*. As an entirety, it is sufficient, although perhaps not in the best form, to constitute a valid judgment against the land.   See *Mayfield v. Bennett*, 48 Iowa, 194.    In the cases of *Smith v. Griffin, supra,* and *Cassidy v. Woodward,* 77 Iowa, 357, 42 N. W. Rep. 319, judgments might have been rendered against the land attached, but were in fact personal only.

III.   It is said the judgment in question was void because the original notice was not served upon Griffith so as to leave twenty days between the day of service and the first day of the next term of court.   As he was

a nonresident of this state, served outside of it, he was entitled to that service. Code, section 2602, subd. 3. But the fact was, only sixteen days intervened between the day of service and that on which judgment was rendered, and he was entitled to the time until the second term after service was made on him in which to appear. Code, 2602. The rendition of judgment at the first term after service was, therefore, irregular, and the judgment would have been set aside for that reason on proper application. To have been in time, the application must have been made not later than the second day of the next term. Code, section 3154, subd. 3; *Id.*, 3156. But the judgment would not have been vacated until it had been adjudged that there was a valid defense to that action. Code, section 3159. Section 2877 of the Code authorizes a new trial upon the application of a defendant served by publication only, within two years after the rendition of the judgment, upon giving security for costs and showing a valid defense. *Stanbrough v. Cook*, 83 Iowa, 709, 49 N. W. Rep. 1010. But that section does not apply to the case in question, for the reason that, although it was one in which service by publication might have been made, that actually made was personal. *McBride v. Harn*, 52 Iowa, 79, 2 N. W. Rep. 962. But Griffith has not merely failed to show any reason for not appearing and attacking the judgment within the time given by the statute for that purpose; he has also failed to show any valid defense to the action in which the judgment was rendered. It is said that as the action was a proceeding against the land, and the service was designed to give the court jurisdiction to render a judgment *in rem*, a strict compliance with all the requirements of the statute is essential to the validity of the judgment rendered. It is true that such a compliance has been held necessary in numerous cases. Thus, it has been held that where the filing of

an affidavit is a condition precedent to the service of notice by publication, a judgment rendered without an appearance by the defendant served only by publication, when the affidavit has not been filed, was void. *Carnes v. Mitchell*, 82 Iowa, 605, 48 N. W. Rep. 941; *Chase v. Kaynor*, 78 Iowa, 450, 43 N. W. Rep. 269; *Bradley v. Jamison*, 46 Iowa, 69. But no question of that kind is involved in this case.

The right of the harvester company to serve the notice to Griffith by publication, or personally outside of the state, is not in dispute, and the case is governed by the rules which determine the sufficiency of the service of notice, and the consequence of defective service. It is well settled in this state that where there has been a service of a required notice, and the proper court has determined that the service was sufficient, the subsequent proceedings based on such service are not void, but, at most, only voidable on proper application. *Irions v. Manufacturing Co.*, 61 Iowa, 406, 16 N. W. Rep. 349; *Myers v. Davis*, 47 Iowa, 329; *Bunce v. Bunce*, 59 Iowa, 534, 13 N. W. Rep. 705; *Dougherty v. McManus*, 36 Iowa, 657; *Darrah v. Watson, Id.* 117; *DeTar v. Boone Co.*, 34 Iowa, 488; *Bonsall v. Isett*, 14 Iowa, 311. In *Woodbury v. Maguire*, 42 Iowa, 341, this rule was approved, and held applicable to an attachment against a nonresident of the state who did not appear, and who was served with notice only by publication. Our opinion is that the failure to serve the notice upon Griffith twenty clear days before the first day of the term at which judgment was rendered did not make the judgment rendered void, and that as he failed to take advantage of the defect in the manner provided by statute, and has not shown any reasonable excuse for his failure to do so, nor any defense to the action, the judgment will not be set aside now because of the defective service.

IV. The action against Griffith was based upon two judgments rendered against him in favor of the

Milwaukee Harvester Company. The name of the plaintiff was erroneously stated in the title of the petition as the Milwaukee Harvesting Company, but in the body of the petition, in the original notice, in the writ of attachment, and in the judgment, it was stated correctly. The correct name of the plaintiff was evident, and the mistake did not vitiate the judgment.

V. The execution and notice of sheriff's sale designated the plaintiff as the Milwaukee Harvesting Company, and the notice of sale was not published twice in a newspaper. The name of the defendant, the date, and the amount of the judgment, the court which rendered it, and the fact that the action had been aided by attachment which was levied upon the land in question, were all correctly set out in the execution, and the sale made thereunder was not void for the defects stated. Nor was the validity of the sale affected by any defect in the notice. Code, sec. 3081.

VI. It is urged that the consideration for the sale was inadequate. As has been stated, the land was sold for one hundred and sixty-nine dollars and twenty cents, although it was then worth about two thousand, five hundred dollars more than the incumbrance upon it. Mere inadequacy of the amount for which the land is sold on execution will not make the sale invalid. *Peterson v. Little*, 74 Iowa, 223, 37 N. W. Rep. 169; *Sigerson v. Sigerson*, 71 Iowa, 476, 32 N. W. Rep. 462. The case of *Land Co. v. Walker*, 78 Iowa, 477, 43 N. W. Rep. 294, is not within the rule which governs this case. No fraud in the sale has been shown. So far as we are advised, it was conducted in all respects according to law, excepting in the failure to give notice as already shown. It was made subject to redemption, and we find no reason for setting it aside.

VII.   We have reached the conclusion that the sale must be held good, only after giving the case a careful examination.   We should · have been better satisfied had we been able to affirm the judgment of the district court.   But the plaintiff has no just grounds for complaint.   The original notice which was served upon him notified him of the commencement of the action, and also that a writ of attachment had issued against his property.   It is shown that he did not know of the sale, but it is not shown that he did not know that judgment had been rendered for the sale of the land.   No diligence whatever on his part to appear in the case, to ascertain what had been done, or to make redemption from the sale, is shown. So far as we are advised, he did nothing whatever after the notice was served on him, until after the time for redemption had expired and the sheriff's deed had been executed.   As he failed to take advantage of his statutory right to object to the judgment, and has shown no excuse whatever for his failure, and has made no attempt to redeem from the sale, there is no ground upon which a court of equity can grant him relief.   It is suggested in a paper filed by the appellee, but which does not appear to have been served upon the appellant, that the abstract does not purport to contain all the evidence in the case.   An additional abstract was filed by the appellee, which sets out a part of the record, but which does not in any manner deny that the two abstracts fully present the record.   In the absence of any question raised by the additional abstract, we must presume that the two set out all of the record which is necessary to a determination of the case on its merits.   For the reasons shown, the decree of the district court is REVERSED.