SARAH L. PRIESTMAN, Appellant, v. WILLIAM PRIEST-MAN.

**Judgments:** VACATION: *Motion and petition.* Under Code 1873, section 3154, authorizing the vacation or modification of a judgment for irregularity or for fraud practiced by the successful party in obtaining it, a claim of irregularity in obtaining the judgment cannot be considered, unless made by motion on the second day of the next succeeding term, as provided by the Code, though a petition to vacate for want of jurisdiction or for fraud of the successful party may be considered if filed within one year after such judgment was rendered.

JURISDICTION: *Notice by publication.* Under Code 1873, section 2618, providing that "service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant within the state, * * * where the action is for a divorce, if the defendant is a non-resident of the state, or his residence is unknown" and section 2620, that, "when the foregoing provisions has been complied with, the defendant, so notified, shall be required to appear as though personally served within the county in which the petition is filed on the day of the last publication,"— there was no service where such affidavit was not filed until after there publications of the notice; as the filing of such affidavit is a condition precedent to such publication.

*Collateral attack.* An adjudication that such prerequisite had been complied with is subject to attack in a proceeding to vacate such judgment.

*Appeal from Page District Court.—*Hon. Walter I. Smith, Judge.

Tuesday, October 19, 1896.

August 30, 1894, defendant obtained a decree of divorce from the plaintiff, in an action wherein he charged her with desertion and adultery. Original notice in that case was served by publication. This is a suit to set aside that decree, and for a new trial, based upon the grounds that the allegations in the petition in the original action that plaintiff had deserted defendant were untrue; that the alleged adultery had been condoned; that the affidavit of non-residence was not filed until after the notice had been published for three consecutive weeks; that the publication was made in an obscure paper, published many miles from the place of defendant's residence, with intent that plaintiff should not learn it; that the decree was obtained through fraud and perjury practiced by defendant; and that plaintiff has at all times been a resident of Page county, Iowa, and was at the time the notice was served, of which fact defendant was aware when he caused the notice to be published. The trial court dismissed the plaintiff's petition, and she appeals. —*Reversed.*

*G. I. Miller* and *C. S. Keenan* for appellant.

*W. P. Ferguson* for appellee.

Deemer, J.—Two claims are made in the petition. One is that the court was without jurisdiction to render the original decree, and the other is that the decree was obtained through perjury and fraud; and a new trial is asked under the provisions of Code 1873,

section 3154, which authorizes the vacation or modification of a judgment for irregularity or for fraud practiced by the successful party in obtaining it. This action was brought on the fifteenth day of August, 1895. The Code of 1873 provides that proceedings to vacate a judgment because of irregularity in obtaining it must be by motion made on the second day of the next succeeding term. There was a term of the district court held in Page county in January, 1895, and another in April. As no motion was filed as required by the statute, we cannot consider plaintiff's claim of irregularity in the obtaining of the judgment. The Code of 1873 also provides that proceedings to obtain a new trial for fraud practiced by the successful party in obtaining the judgment shall be by petition setting forth the facts, and commenced within one year after the judgment or order was made. The application to vacate on the ground of irregularity cannot be considered, because not made in time. In so far as it is a petition to set aside the judgment because of want of jurisdiction, and to vacate it because of fraud of the successful party, it is timely, and may be considered. The evidence establishes without dispute that the affidavit of non-residence was not filed until there had been three issues of the paper in which the notice was published. The first publication was July 20, and the last August 10. The affidavit was filed August 4 of the same year. The statutes with reference to such matters are as follows: Code 1873, section 2618: "Service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant within this state    *    *    * where the action is for a divorce, if the defendant is a non-resident of the state, or his residence is unknown." Section 2620 provides that, "when the foregoing provisions have been complied with, the defendant, so notified, shall be required to appear as if per-

sonally served within the county in which the petition is filed on the day of the last publication." It has frequently been held that the requirements of the statute as to the constructive service must be strictly followed and literally complied with. *Abell v. Cross*, 17 Iowa, 174; *Tunis v. Withrow*, 10 Iowa, 305; *Broghill v. Lash*, 3 G. Greene, 357; *Smith v. Smith*, 4 G. Greene, 266; *Pinkney v. Pinkney*, 4 G. Greene, 324. Applying this rule, we have held that the filing of an affidavit is a condition precedent to the service of notice by publication, and that a judgment rendered without an appearance by the defendant, served only by publication, when the affidavit has not been filed, is void. *Carnes v. Mitchell*, 82 Iowa, 605; *Chase v. Kaynor*, 78 Iowa, 450; *Bradley v. Jamison*, 46 Iowa, 69. The filing of the affidavit is a condition precedent to the service of notice, and, if not filed before the notice is published, the court is without jurisdiction to try or consider the case. *Snell v. Meservy*, 91 Iowa, 323. It is not a case of defective service, as was *Woodbury v. Maguire*, 42 Iowa, 341, and *Griffith v. Harvester Co.*, 92 Iowa, 634. If the necessary preliminary steps had been taken, and the notice was defective, simply, in form or substance, then the rule contended for by appellee, and established by these cases, would apply. But here a vital prerequisite to the validity of the notice is wanting. True, the affidavit was filed before the last day of publication, but there was nothing on file which justified the first publications. The statutes say that such service may be made when an affidavit reciting the proper facts is filed. Until this is done, there is no authority to publish the notice. It is not a case of defective service, but of no service; and the fact that the court which rendered the decree found and recited in the decree that service had been made is of no consequence. *Bradley v. Jamison, supra.* The distinction between those cases which hold that a judgment may be collaterally attacked because

of the absence of certain jurisdictional facts, and those which hold that it must be directly assailed when there is a notice supported by proper preliminary proceedings the sufficiency of which is subject to construction, and upon which the court must judge of its own jurisdiction, is apparent. In the one case the judgment or decree may be collaterally attacked, while in the other the adjudication is good until set aside in some direct proceeding. In this case there is an absence of a certain condition precedent to the publication of any notice, and the adjudication of the court that this preliminary step had been complied with is not binding, but is subject to attack in this proceeding.

II. The evidence does not establish any fraud or irregularity in publishing the notice in an obscure paper, as claimed. Nor do we think the plaintiff is entitled to a new trial because of perjury committed in the original case. We are also of the opinion that the plaintiff was a non-resident at the time the notice was published. The real merits of the case are not open to consideration. The condonation claimed by plaintiff was purely defensive, and, if the notice had been properly served, the decree of the court below in granting the divorce would have been conclusive. As the court was without jurisdiction, the decree is of no validity, and should have been set aside. This conclusion relieves us of the necessity of considering the question as to whether plaintiff has a good defense to the defendant's claim for divorce. The decree of the district court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.— REVERSED.